The opinion of the court was delivered by
Bermudez, C. J.
This is a suit in damages.
The fundamental allegations are that Mrs. Bell, maliciously instigated by Mr. A. Hill, has issued against the plaintiffs an injunction which was subsequently dissolved, and that by reason thereof they have sustained injury, which, itemized, aggregated $7000.
The answer of Mrs. Bell admits the institution of the suit in which the writ issued, but denies that the plaintiffs have sustained any damage, and charges that, in consequence of the acts of plaintiffs, she is entitled to indemnity, which she reserves the right hereafter to claim.
Hill denies the charges against him, averring his absence abroad when the suit was brought, and pleads the prescription of one year.
From a judgment condemning Mrs. Bell to pay $325, and exonerating Hill, the plaintiffs appeal.
It appears that Mrs. Bell, who is the usufructuary of certain property which she occupies in this city, brought suit, coupled with an injunction, to prevent Biggs & Bro., who are cistern makers, from using certain wooden or frame structures, and putting up an engine and boiler, on a lot belonging to them and adjoining hers.
She alleged that the buildings had been constructed within the fire *668 limits, contrary to municipal regulations and prohibitions, and tnat the putting up of the steam engine and boiler, though authorized by the City Council, would be in violation of her right to the secure and peaceable possession and enjoyment of said property; that on said premises there are at all times large quantities of seasoned cypress and pine lumber, heaps of shavings highly inflammable in their nature, and that the erection of a steam engine, etc., upon said premises or in said frame building, and in the midst of said lumber and shavings, will place the property and the lives of herself, children and servants in constant and imminent danger of fire; that the noise, smoke and escaping steam therefrom will injure the property and her family’s health and comfort, and a permanent nuisance be thereby established.
She’prayed for provisional injunction, asking that, after due proceedings, it be perpetuated.
The injunction sought issued.
It remained in force for some time, until by the failure of Mrs. Bell to furnish an additional bond, it ceased to be operative.
When the case was tried on its merits, there was judgment dissolving the injunction, which, on appeal, was affirmed. 88 An. 555.
An examination of the record satisfies us that Mrs. Bell acted in good faith, under the advice of able and experienced counsel, in the vindication of what she plausibly conceived to be her rights, which were kindred to similar ones which had been, to some extent, previously recognized in a somewhat analogous case, which may have been construed as authorizing her complaint, and the relief judicially sought. 86 An. 162. But the injunction having been dissolved, she remains under the obligation of repairing the actual damages which it has undoubtedly occasioned.
The suit does not belong to that category of cases, in which a plaintiff whose injunction is dissolved may be either exonerated from all indemnification, or condemned to constructive or exemplary damages.
The District Judge has patiently heard all the testimony adduced, and, in an elaborate opinion, impressed with a strong desire to do justice, has assigned satisfactory reasons to allow $325 only as damages.
As regards the liability sought to be affixed on Mr. Hill, we find that there is nothing to show that he advised, suggested, instigated *669 or fomented the injunction suit, and that the charge of malice against him is entirely gratuitous. The District Judge came to the same conclusion.
The sum allowed covers attorney’s fees, the cost of a temporary building, the rent of certain premises and the hauling of machinery.
The District Judge has assigned sufficient reasons to reject the two items, §3520 and §2990, for loss of time, profits, business, etc., set up by the plaintiffs. It would serve no useful purpose and be of no general interest to justify further his conclusions in this opinion.
It is ordered and decreed that the judgment appealed from be affirmed, the appellants to pay costs of appeal.